## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF TEXAS
## DALLAS DIVISION

| | | |
|---|---|---|
| **CONN APPLIANCES, INC.** | § | |
| Petitioner, | § | |
| | § | |
| v. | § | **CIVIL ACTION NO.**_____ |
| | § | |
| **BRUCE BECK** | § | |
| Respondent. | | |

## PETITIONER CONN APPLIANCES, INC.'S
## APPLICATION TO CONFIRM ARBITRATION AWARD

Petitioner Conn Appliances, Inc. ("Conn's") files this Application to Confirm the Arbitration Award in this case and would respectfully show unto the Court the following:

### I.
### SUMMARY OF ARGUMENT

1.      On April 26, 2017, the Arbitrator issued a Final Award (the "Award").[1]  In the award the Arbitrator held that Respondent Bruce Beck ("Respondent") did not meet the burden of proof.[2]  Accordingly, the Arbitrator awarded Respondent nothing and ordered that (1) the administrative fees of the American Arbitration Association ("AAA") totaling $2400 be borne as incurred; (2) the compensation of the arbitrator totaling $3,000 be borne as incurred; and (3) the Award is in full settlement of all claims submitted to the Arbitration and all claims not expressly granted therein are denied.  Because this Application, proposed order, and proper attachments have been timely filed and there are no grounds for modifying, correcting, or vacating the Award, Conn's requests that this Court confirm the Award in this case.

---

[1] *See* Award of Arbitrator dated April 26, 2017, in Arbitration No. 01-16-0000-8578, attached to this Application as Exhibit A.

[2] *Id.*

## II.
## PARTIES

2.      Petitioner, Conn Appliances, Inc., is a Texas corporation with its principle place of business in The Woodlands, Montgomery County, Texas.

3.      Respondent, Bruce Beck, an individual and a citizen of the State of Texas, may be served with process at 3126 Mapleleaf Lane, Dallas, Texas 75233, or wherever he may be found.

## III.
## JURISDICTION AND VENUE

4.      This case presents a federal question under the Telephone Consumer Protection Act, 47 U.S.C § 227 *et seq.*   Accordingly, the Court has original jurisdiction pursuant to 28 U.S.C. § 1331.[3]

5.      Additionally, the arbitration agreement entered into by Conn's and Respondent specifically states that judgment upon the award may be entered in any court having jurisdiction.[4]   As such, venue is proper in this Court pursuant to 28 U.S.C. § 1391, including but not limited to, § 1391(b)(1) and § 1391(b)(2).

## IV.
## BRIEF STATEMENT OF THE FACTS

6.      Respondent applied for financing at Conn's and the purchased goods and services through a retail installment contract (the "Contract") and corresponding invoice.   Respondent provided his telephone number on all of these documents and consented to be called in connection with his account under the Contract.    Conn's lawfully attempted to contact Respondent regarding monies he owed for the purchases he financed from Conn's.  Dissatisfied

---

[3] *Cortez Byrd Chips, Inc. v. Bill Harbert Construction Co.*, 529 U.S. 193, 204 (2000) (holding jurisdiction and venue are proper in any court which would have possessed original jurisdiction); *Sutter Corp. v. P & P Indus., Inc.*, 125 F.3d 914, 916 n.3 (5th Cir. 1997).

[4] *See* Retail Installment Contract, attached to this Application as Exhibit B.

with Conn's, Respondent filed a Demand for Arbitration against Conn's asserting claims under the Telephone Consumer Protection Act, 47 U.S.C. § 227 *et seq.* (the "TCPA").[5]

7.      The Arbitration Hearing was held on April 7, 2017, in Dallas, Texas.[6]  On April 26, 2017, the arbitrator issued an Award holding that (1) the AAA's administrative fees totaling $2400 should be borne as incurred; (2) the compensation of the arbitrator totaling $3,000 should be borne as incurred; and (3) the Award is in full settlement of all claims submitted to the Arbitration and all claims not expressly granted therein are denied.[7]

8.      Conn's hereby files this Application and requests that the Court enter judgment confirming the Award.

# V.
## ARGUMENT AND AUTHORITIES

9.      A court's review of the arbitration process is severely limited.[8]  The court must sustain an arbitration award even if it does not agree with the arbitrator's interpretation of the contract.[9]  Moreover, arbitrators need not provide reasons for their award.[10]  The court must affirm the award if the award is "rationally inferable" from the facts before the arbitrator.[11]

10.      Conn's moves this Court to confirm its arbitration award against Respondent. The Federal Arbitration Act ("FAA") provides that "within one year after the award is made any

---

[5] *See* Respondent's Demand for Arbitration, attached to this Application as Exhibit C.

[6] Note, an arbitrator was appointed to this case on June 6, 2016.  *See* AAA Order Appointing Arbitrator, attached to this Application as Exhibit D.

[7] *See* Exhibit A.

[8] *United Paperworkers Int'l Union v. Misco, Inc.*, 484 U.S. 29, 36–38 (1987).

[9] *Woods v. P.A.M. Transport, Inc.–L.U.*, No. 3:07-CV-0605-G, 2008 WL 351226, at *1 (N.D. Tex. Feb. 8, 2008); *see also Misco, Inc.*, 484 U.S. at 36.

[10] *Valentine Sugars, Inc. v. Donau Corp.*, 981 F.2d 210, 214 (5th Cir.); *Woods*, 2008 WL 351226, at *1.

[11] *Valentine Sugars, Inc.*, 981 F.2d at 214; *Woods*, 2008 WL 351226, at *1.

party to the arbitration may apply to the court so specified for an order confirming the award, and thereupon the court must grant such an order unless the award is vacated, modified, or corrected."[12]   In this case, the Award has not been vacated, modified, or corrected.  A motion to modify, correct, or vacate a domestic arbitration award must be made within three months after the award is filed or delivered.[13]   It has been more than three months since the award was issued on April 26, 2017, and no request to modify, correct, or vacate the award was filed.  Therefore, the award should be confirmed.

11.     Moreover, an arbitration award must be confirmed when the parties have provided in the arbitration agreement that a judgment will be entered on the arbitration award.[14]   In this case, the parties entered into an arbitration agreement which specifically provided: "This arbitration clause is made pursuant to a transaction involving interstate commerce and shall be governed by the Federal Arbitration Act (9 U.S.C. §§ 1–16), and not by any state law that might otherwise apply.  **Judgment upon the award may be entered in any court having jurisdiction**."[15]   This agreement not only contains a provision specifically providing that judgment may be entered on the arbitration award, but also sufficiently confers authority on the Court to confirm the award by incorporating the AAA's Rules into the agreement.[16]

---

[12] 9 U.S.C. § 9.

[13] 9 U.S.C. § 12.

[14] 9 U.S.C. § 9.

[15] *See* Exhibit B.

[16]  *See Sullivan v. El Paso Corp.*, No. H-06-2948, 2007 WL 1032349, at *5 n.35 (S.D. Tex. Apr. 2, 2007) (confirming arbitration award because the parties anticipated judicial confirmation of the arbitration award where arbitration rules incorporated in the contract stated that the proceedings to confirm an award would be controlled by the FAA); *Wash. Mut. Bank v. Crest Mort. Co.*, 418 F. Supp. 2d. 860, 862 (N.D. Tex. 2006) (confirming arbitration award and finding the parties implicitly consented to an entry of judgment by an appropriate court where the parties incorporated the AAA's Rules into their arbitration agreement); AAA Consumer Arbitration Rules and Mediation Procedures, Rule 49 (providing that "Parties to an arbitration under these Rules shall be deemed to have consented that judgment upon the arbitration award may be entered in any federal or state court having jurisdiction thereof.").

12.     Because this Application, proposed order, and proper attachments have been timely filed and there are no grounds for modifying, correcting, or vacating the award, this Court has the obligation to expeditiously confirm the Award in this case.[17]

## VI.
### ATTACHMENTS

13.     In support of this Application to confirm, Conn's includes documents in the attached appendix, which is incorporated herein by reference.[18]

 a. Award of Arbitrator dated April 26, 2017, in Arbitration # 01-16-0000-8578 (Exhibit A);

 b. Retail Installment Contract containing arbitration clause (Exhibit B);

 c. Respondent's Demand for Arbitration (Exhibit C);

 d. AAA Order Appointing Arbitrator (Exhibit D);

## VII.
### PRAYER

14.     For the foregoing reasons, Conn's requests that the Court enter judgment confirming the Final Arbitration Award, holding that Bruce Beck take nothing because he failed to meet the burden of proof, and grant all other relief the Court deems appropriate.

---

[17] 9 U.S.C. § 9, 13; *Street Associates, L.L.C. v. Matter, Inc.*, 552 U.S. 576, 578 (2008) (noting that the FAA provides for "expedited judicial review to confirm, vacate, or modify arbitration awards"); *Doctor's Assocs., Inc. v. Cassarotto*, 517 U.S. 681, 688 (1996) (explaining that the purpose of the FAA is to ensure that private agreements to arbitrate are enforced).

[18] 9 U.S.C. § 13.

DATED:  August 16, 2017.                 Respectfully submitted,

                                         **MUNSCH HARDT KOPF & HARR, P.C.**

                                         By: _____
                                         **Michael A. Harvey**
                                         State Bar No. 24058352
                                         **Christopher M. Jordan**
                                         State Bar No. 24087817
                                         Pennzoil Place
                                         700 Milam Street, Suite 2700
                                         Houston, Texas 77002
                                         Telephone:  (713) 222-4015
                                         Fax:  (713) 222-5868
                                         mharvey@munsch.com
                                         cjordan@munsch.com

                                         **ATTORNEYS FOR PETITIONER
                                         CONN APPLIANCES, INC.**


<u>**CERTIFICATE OF SERVICE**</u>

        I hereby certify that a true and correct copy of the foregoing has been served this 16th
day of August, 2017 to all counsel of record at the address listed below:


<u>*Via Electronic Mail*</u>
Mr. David A Fernandez
Law Office of David A. Fernandez, PC
2190 N. Loop West, Suite 102
Houston, TX  77018
e-mail: davidafernandezlawoffice@mcom.com
*Attorney for Respondent*

<u>*Via Electronic Mail*</u>
Mr. John Mastriani
Mastriani Law Firm
5959 West Loop South Suite 420
Bellaire, Texas 77401
e-mail: sepi@mastrianilaw.com
e-mail: mrmastriani@gmail.com
*Attorney for Respondent*


                                 _/s/ Christopher M. Jordan_____
                                 Christopher M. Jordan